Pfenning *v.* Scholer.

---

## CHARLES PFENNING

*v.*

## MARIE SCHOLER et al.

Where it appears that illegal interest or bonus was either taken by a mortgagee himself, or was paid to his agent pursuant to the terms of the loan, with his knowledge and by his procurement, the contract must be declared usurious, and the lender must be subjected to the penalty of the statute. In such case the lender's recovery will be the amount actually loaned less the interest which was paid in excess of lawful interest on that sum, without either interest or costs of suit.

---

On bill to foreclose, answer and proofs.

*Mr. John Linn,* for the complainant.

*Mr. Warne Smythe,* for the answering defendants.

THE CHANCELLOR.

This is a suit to foreclose a mortgage dated September 15th, 1872, made by Marie Scholer and John Scholer, her husband, to Charles Pfenning, upon lands in Hudson county, to secure the payment of $1,650, in three years from its date, with interest at the rate of seven per centum per annum.

Nothing has been paid upon the principal. The interest has been paid to September 15th, 1883, at seven per centum per annum to March 15th, 1881, and after that date at six per centum per annum.

The defence is usury.

The defendant Marie Scholer, about the time the loan was made to her, had commenced to build a dwelling upon the land in question, and, finding that, because of the suspension of payment by a savings bank in which she had deposited her moneys, she must borrow funds to enable her to continue the building, applied to one Paul Heerbrandt, a real estate agent, to lend her $1,500. After some negotiation Heerbrandt gave her $1,473 of the moneys of Charles Pfenning, and took from her the mortgage in dispute. It satisfactorily appears that Heerbrandt retained $27 for himself, for drawing the bond and mortgage and procuring the searches necessary to the loan. The question disputed in the case is whether the complainant retained the additional $150 kept from Mrs. Scholer, or knowingly allowed it to be retained by Heerbrandt. His position is that the money was kept by Heerbrandt as compensation for procuring the loan, and applied by him to his own use. He denies that he shared in the amount, but does not deny that he knew of its retention by Heerbrandt. The $150 was far in excess of compensation for the services rendered by Heerbrandt in procuring the loan. If the complainant is believed, Heerbrandt had $2,000 of his money for the purpose of investment upon bond and mortgage, and if Heerbrandt is believed, all that he did in procuring the

loan was to send a messenger to the complainant to ascertain if the security would be satisfactory. The charge for services is manifestly an excuse to cover the taking of a usurious bonus, and it is immaterial whether the complainant shared in it or not, if he knowingly allowed its payment to be a condition to the loan or assisted in its exaction at the time of the loan. *Borcherling* v. *Trefz, 13 Stew. Eq. 502; Demarest* v. *Vandenberg, 14 Stew. Eq. 63.*

The complainant caused Heerbrandt to be examined as a witness in his behalf in the city of Boston, and went himself to Lawrence, Massachusetts, and brought the witness before the commissioner, who took the testimony. Upon the examination Heerbrandt answered evasively that he "guessed" the complainant did not get any part of the $150, and that he did not "recollect" that the complainant did share in it. Upon cross-examination he was confronted by an affidavit made by him less than a year before, at the instance of his brother, in which he swore that the entire $150 had been retained by the complainant.

Mrs. Scholer and her daughter, Mrs. Russell, testify positively to the fact that before the contract of loan was completed Mr. Pfenning was in the yard of the mortgaged premises and told Mrs. Scholer that she must pay the ten per centum demanded or give up the loan. In corroboration of this testimony, Henry Miller, a mason, who was at work on the foundation of the house, says that he saw Pfenning in the yard at that time. Charles F. Ruh, a real estate agent, testifies that at about the time of the loan to Mrs. Scholer the complainant offered to transfer to him the investment of his moneys upon condition that he, Ruh, would do as Heerbrandt had been doing—get for him a bonus of ten per centum upon all loans.

The evidence satisfies me that the $150 was either directly retained by the complainant or that he knew of, assented to and assisted in the taking of it by Heerbrandt.

In either case the contract is tainted with usury, and the lender must be subject to the penalty of the statute. *Bennett* v. *Hadsell, 8 C. E. Gr. 174; Meeker* v. *Disse, 11 C. E. Gr. 218 ;*

*Borcherling* v. *Trefz, 13 Stew. Eq. 502 ; Demarest* v. *Vandenberg, 14 Stew. Eq. 63.*

The complainant is entitled to a decree for the $1,500 actually loaned, less the interest which was paid to him in excess of lawful interest on that sum, without interest or costs. *Boyd* v. *Engelbrecht, 5 Stew. Eq. 616.*